UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DEVANTE CURTIS, | Case No. 25-cv-727 (LMP/JFD) |
| Plaintiff, | |
| v. | |
| PROGRESSIVE INSURANCE; HENNEPIN COUNTY MEDICAL CENTER, *doing business as Hennepin County Health Care*; BRIAN D. MAHONEY, MD, *in his official capacity*; ZERIS STAMATIS, MD,[1] *in his official capacity*; JUAN PABLO SANCHEZ RAMIREZ, MD, *in his official capacity*; SONIA KALIRAO, MD, *in her official capacity*; and BRADLEIGH J. DORNFELD, MD, *in his official capacity*, | **ORDER DISMISSING CASE** |
| Defendants. | |

Devante Curtis, pro se.

Stephen M. Warner, **Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, MN**, for Defendant Progressive Insurance.

Chase Webber, **Hennepin County Attorney's Office, Minneapolis, MN**, for Defendants Hennepin County Medical Center; Stamatis Zeris, MD; Juan Pablo Sanchez Ramirez, MD; and Bradleigh Dornfeld, MD.[2]

---

[1] Defendant Stamatis Zeris appears to be misidentified as "Zeris Stamatis" in the complaint. *See* ECF No. 20 at 2.

[2] The Hennepin County Attorney's Office does not represent Defendants Brian D. Mahoney, MD, or Sonia Kalirao, MD.  ECF No. 20 at 2 n.1.

1

Pro se Plaintiff Devante Curtis ("Curtis") was in a car accident in 2015 and was treated by doctors at Hennepin County Medical Center ("HCMC") intermittently over the next several years. ECF No. 1-1 at 2. On February 24, 2025, Curtis brought this action against HCMC and the individual doctors who treated him (collectively the "HCMC Defendants"), alleging that they intentionally delayed diagnosing him with a traumatic brain injury ("TBI"). *Id.* at 3. They did so, Curtis alleges, in an act of discrimination in violation of Title VI and in retaliation for exercising his First Amendment rights. *Id.* at 10. Curtis also contends that the allegedly inadequate care constituted medical malpractice and caused him extreme emotional distress. *Id.* Curtis separately sues Progressive Insurance ("Progressive"), alleging that it failed to properly manage a subsequent wage-loss claim in violation of Minnesota law. *Id.* at 11–14.

The HCMC Defendants and Progressive move to dismiss Curtis's complaint under Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 12, 18. Progressive alternatively moves to dismiss under Rule 12(b)(1), arguing that the Court lacks subject-matter jurisdiction over Curtis's claims against Progressive. ECF No. 12.

Because Curtis's complaint fails to state a constitutional violation, and because the Court does not have diversity jurisdiction and declines to exercise supplemental jurisdiction over the remainder of Curtis's state-law claims, the Court dismisses the complaint in its entirety without prejudice.

## BACKGROUND[3]

In August 2015, Curtis was involved in a car accident that caused him to lose consciousness. ECF No. 1-1 at 2, 5. He sought medical attention at HCMC for shoulder and upper back pain. *Id.* at 4–5. His treating physician, Dr. Brian Mahoney, ordered an X-ray and prescribed Curtis ibuprofen but did not order any other testing. *Id.* at 5.

Almost two years later, Dr. Juan Pablo Sanchez Ramirez admitted Curtis to HCMC for "worsening psychiatric psychosis & Tremors (seizures)" and ordered a CT scan, MRI, and EEG. *Id.* Afterwards, a non-party doctor reviewed the CT scan, and Dr. Sonia Kalirao reviewed the EEG results. *Id.* at 6. No follow-up testing was ordered. *Id.* at 6–7. During this time, Curtis was also a patient of Dr. Stamatis Zeris, who allegedly was aware that Curtis was experiencing symptoms of a TBI, but nevertheless did not diagnose him with one. *Id.* at 8.

Curtis alleges that HCMC finally diagnosed him with a TBI in July 2023. *Id*. at 3, 10. According to Curtis, the delayed diagnosis was "targeted" in retaliation for various misconduct allegations he and his mother made against Hennepin County officials starting in 2013. *Id.* at 3.

Curtis also alleges that he submitted a claim to Progressive after the car accident. *Id.* at 11. From August 2015 to October 2015, Progressive paid for certain chiropractic care Curtis underwent but otherwise failed to proceed on any other aspect of his claim. *Id.* at 12. After Curtis was diagnosed with a TBI, Progressive "reopened" his claim but

---

[3] The factual background is drawn from Curtis's complaint, and the allegations are accepted as true at this stage. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014).

ultimately denied his request for lost wages from 2015 to 2024. *Id.* at 12–13. Curtis alleges that Progressive's actions violated Minn. Stat. § 604.18 which "allows policyholders to sue insurance companies for unreasonable denial of claims." ECF No. 6 at 1.

## ANALYSIS

In reviewing whether a complaint states a claim on which relief may be granted, "a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). The factual allegations in the complaint need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Finally, although pro se complaints are to be construed liberally, they still must allege sufficient facts to support the proposed claims, and the Court cannot "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

Relevant here, federal courts are courts of limited jurisdiction, and district courts "may not exercise jurisdiction absent a statutory basis." *Home Depot U. S. A.., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (citation omitted). Congress has provided two categories of cases for which federal jurisdiction is appropriate. First, 28 U.S.C. § 1331 provides jurisdiction for cases that arise under federal law, which is commonly known as federal-question jurisdiction. Second, 28 U.S.C. § 1332(a) provides jurisdiction over any claim when the amount in controversy exceeds $75,000 and there is diversity of citizenship

among the parties. This means that no plaintiff and defendant are domiciled (legal residents) in the same state. Further, while a court ordinarily has supplemental jurisdiction to consider state-law claims included in an action for which the court has original jurisdiction, a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

I.  **Constitutional Claims Against HCMC Defendants**

Curtis asserts two constitutional claims: (1) a First Amendment retaliation claim under 42 U.S.C. § 1983; and (2) a discrimination claim under Title VI. ECF No. 1-1 at 3–4, 10. Before addressing the merits of those claims, however, the Court must consider a procedural matter. Curtis explicitly names the individual doctors in their official capacities only. *See* ECF No. 1 at 1. An official-capacity suit is "in all respects other than name, to be treated as a suit against the entity."[4] *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Because the doctors are or were employees of HCMC, and because HCMC is a public employer, Curtis's official-capacity claims against the HCMC doctors must be treated as "a suit against the public employer"—here, Hennepin County. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). In other words, the claims against each of the individual doctors are, essentially, redundant to a claim against HCMC. *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998); *Placide*

---

[4] Although a plaintiff may bring a claim for injunctive relief against a state actor in their official capacity, *see Ex parte Young*, 209 U.S. 123, 159–60 (1908), Curtis does not seek injunctive relief, ECF No. 1-1 at 14.

*Ayissi-Etoh v. Mae*, 49 F. Supp. 3d 9, 14 (D.D.C. 2014) ("As the individual Defendants are only being sued in their official capacities, the claims against them are redundant and should be dismissed entirely."). The Court will therefore consider Curtis's constitutional claims as alleged as claims against HCMC only.

### A.     First Amendment Retaliation

To state a plausible Section 1983 First Amendment retaliation claim, a plaintiff must allege facts showing that: "(1) the plaintiff engaged in protected activity, (2) the government took adverse action against the plaintiff that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Wolk v. City of Brooklyn Center*, 107 F.4th 854, 859–60 (8th Cir. 2024).

Even when a plaintiff can establish a constitutional violation by a municipal employee, the liability of the employer is not guaranteed. That is because a "governmental entity is not liable under § 1983 based on actions of its employees under a theory of respondeat superior." *Artis*, 161 F.3d at 1181 (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)). Instead, a municipal entity is liable under Section 1983 only when the alleged constitutional violation resulted from "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise" employees. *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019) (internal quotation marks omitted) (citation omitted). A "policy" is an "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017)

(alteration in original) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 699–700 (8th Cir. 2016)).  A "custom" is a "continuing, widespread, persistent pattern of unconstitutional conduct" to which an entity responds with tacit acceptance or deliberate indifference.  *Mettler v. Whitledge*, 165 F.3d 1197, 1204–05 (8th Cir. 1999).

Here, even if Curtis sufficiently alleged a First Amendment retaliation claim against some of the employee doctors (had he named them in their individual capacities), his claim against HCMC fails because he does not allege that they acted pursuant to an official policy or unofficial custom, or that the individuals were insufficiently trained or supervised by HCMC.  Instead, he focuses his complaint exclusively on the actions of the individual doctors.  Accordingly, Curtis's First Amendment claim is dismissed for failure to state a claim.  *Wilson v. Miller*, 86 F. Supp. 3d 1027, 1034 (D. Minn. 2015) (dismissing retaliation claim against a city office because the plaintiff did not produce evidence of a "custom of retaliation").

B.   **Title VI Discrimination**

Turning to Curtis's discrimination claim, the Court notes that Curtis does not specify a specific cause of action when he refers to "Title VI" discrimination.  The Court construes Curtis's claim to reference Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d.  Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d.

To prevail on a Title VI claim, a plaintiff "must show that his race, color, or national origin motivated the defendant's discriminatory conduct." *Rowles v. Curators of Univ. of Mo.*, 983 F.3d 345, 355 (8th Cir. 2020). Where there is no direct evidence of discrimination, courts apply the *McDonnell Douglas* burden-shifting framework. *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1983)). Under this framework, a plaintiff must first establish a prima facie case of discrimination by showing, among other things, that "he is a member of a protected class" and that he "was treated differently" from similarly situated individuals. *Id.*

Curtis's claim fails in the first instance because he has not alleged that he is a member of a protected class, nor has he provided the Court any factual basis on which to conclude that he is a member of a protected class. Further, he fails to allege any facts suggesting that HCMC discriminated against him *because of* his membership in a protected class or that he was treated differently than other similarly situated individuals. Curtis's Title VI claim is instead entirely conclusory, and it therefore fails as a matter of law. *See Nleme v. Walden Univ.*, No. 15-cv-471 (JNE/TNL), 2015 WL 9703352, at *7 (D. Minn. Nov. 25, 2015) (dismissing Title VI claim because plaintiff "does not specifically identify himself as a member of a protected class" and "fails to identify how he was discriminated against based on his membership in [any such] class"), *report and recommendation adopted in relevant part*, 2016 WL 158518 (D. Minn. Jan. 13, 2016).

## II.     Jurisdiction Over Curtis's State-Law Claims

The remainder of Curtis's claims, against either the HCMC Defendants or Progressive, rest entirely on state law.[5] Having dismissed Curtis's constitutional claims, the Court must consider whether it retains jurisdiction to consider any of them.

### A.     The Court Lacks Diversity Jurisdiction

The only basis for the Court to exercise original jurisdiction over Curtis's state-law claims is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Diversity jurisdiction of state law claims "requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Id.* (citation omitted). "To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business." *Cigna Corp. v. Bricker*, No. 4:23-cv-93 RLW, 2023 WL 1815658, at *1 (E.D. Mo. Feb. 8, 2023) (first citing 28 U.S.C. § 1332(a); and then citing *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir.

---

[5] Curtis asserts claims against the HCMC Defendants for intentional infliction of emotional distress and medical malpractice, *see generally* ECF No. 1-1, and alleges that Progressive violated Minnesota law by denying him coverage for lost wages, *id.* at 11–14. These claims are grounded in Minnesota state law. *See Kelly v. City of Minneapolis*, 598 N.W.2d 657, 663 (Minn. 1999) (defining the tort of intentional infliction of emotional distress); *MacRae v. Grp. Health Plan, Inc.*, 753 N.W.2d 711, 717 (Minn. 2008) (defining the "essential elements for medical malpractice claims"); *Maddox v. Zera*, No. 20-cv-2377 (JRT/HB), 2021 WL 1732258, at *3 (D. Minn. May 3, 2021) (claims such as "intent to cause emotional distress" and "intent to cause bodily harm" are "quintessential state law claims").

1987)).  A corporation such as Progressive has citizenship in two potential states: its state of incorporation and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Curtis, "as the party invoking federal jurisdiction," has the burden of proving the existence of diversity jurisdiction.  *OnePoint Sols.*, 486 F.3d at 347.

There is no basis on which the Court can conclude that diversity jurisdiction exists. First and foremost, Curtis does not even try to invoke diversity jurisdiction, as the civil cover sheet attached to his complaint only indicates that the Court has federal-question jurisdiction.  ECF No. 1-2 at 1.  Even liberally construing Curtis's filings, though, there is no diversity jurisdiction apparent from the face of the complaint.  To the contrary, Curtis identifies himself as a Minnesota citizen, ECF No. 1 at 1, ECF No. 1-2 at 1, and identifies each of the defendants as Minnesota residents, ECF No. 1-2 at 1.  Indeed, Curtis lists Progressive as having a Minnesota address, ECF No. 1 at 2, alleges that Progressive is incorporated and has its principal place of business in Minnesota, *id.* at 4, and served Progressive at a Minnesota address, ECF No. 11.  And even if Progressive was a citizen of a different state, diversity jurisdiction would still not exist because HCMC is a citizen of Minnesota.  Consequently, all defendants would not be diverse from all plaintiffs. *OnePoint Sols.,* 486 F.3d at 346.  Based on Curtis's own allegations, complete diversity does not exist, so diversity jurisdiction is unavailable.[6]  *See Davis v. Quality Inn*,

---

[6]    The Court notes that Progressive's motion to dismiss argues, in part, that the Court lacks diversity jurisdiction because the amount in controversy cannot exceed $75,000. ECF No. 14 at 7.  Progressive did not contest that it is diverse from Curtis.  But "jurisdiction may not be conferred by consent and lack of jurisdiction of the subject matter cannot be waived by the parties or ignored by the court; if jurisdiction is lacking the trial court should

No. 19-cv-97 (SRN/DTS), 2019 WL 2393420, at *1 n.2 (D. Minn. Feb. 6, 2019) (holding diversity jurisdiction did not exist when plaintiff's own allegations defeated claim of complete diversity), *report and recommendation adopted*, 2019 WL 2387805 (D. Minn. Feb. 26, 2019).

Because the Court has no basis on which to conclude that either defendant is diverse from Curtis, the Court cannot conclude that it has subject-matter jurisdiction over Curtis's state-law claims. And although the Court recognizes Curtis is a pro se litigant, even pro se litigants are required to sufficiently plead the basis for invoking the Court's jurisdiction, and the Court cannot "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 915; *see also Williams v. Progressive Ins. Co.*, No. 4:16-cv-01214 JAR, 2017 WL 1155894, at *2 (D. Minn. Mar. 28, 2017) (explaining that, even in a pro se complaint, "the absence of sufficient averments or facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the Court").

### B.     The Court Declines To Exercise Supplemental Jurisdiction

Because the Court has no original jurisdiction over any of Curtis's claims, the only conceivable basis for the Court to consider them is through supplemental jurisdiction. *See* 28 U.S.C. § 1367. However, a district court "may decline to exercise supplemental

---

on its own motion decline to proceed." *Pac. Nat'l Ins. Co. v. Transp. Ins. Co.*, 341 F.2d 514, 516 (8th Cir. 1965). Thus, even if Progressive "did not raise any jurisdictional issues, this court is obligated to raise such jurisdictional issues if it perceives any." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (citation modified).

jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). And the Eighth Circuit has instructed courts not to exercise supplemental jurisdiction over state-law claims where, as here, all federal claims are dismissed prior to trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008). That is appropriate in this case, given that the Court dismisses Curtis's federal claims well before trial. Accordingly, the Court declines to exercise supplemental jurisdiction over Curtis's remaining state-law claims and dismisses those claims without prejudice "so that [they] may be considered, if at all, by the courts of Minnesota." *Id.* at 726.

### III.  Curtis's Response Improperly Raises New, and Noncognizable, Claims

As a final matter, the Court notes that Curtis filed a brief in response to the motions to dismiss. ECF No. 26. The brief generally states that Curtis objects to the motions to dismiss but does not address any of the arguments raised by either HCMC or Progressive. Instead, Curtis appears to assert new claims against HCMC and Progressive. He repeatedly suggests, for instance, that the defendants committed various forms of fraud in relation to billing him for healthcare. *Id.* at 2–4. He also specifies that his fraud claims are "both civil [and] criminal," *id.* at 3, and he repeatedly asserts that the Court cannot dismiss his complaint because a "judge cannot dismiss criminal charges in a civil case," *id.* at 5.

As to Curtis's new civil claims, "a litigant, even one acting pro se, may not amend his pleadings in his brief in response to a dispositive motion." *Perkins v. City of Minneapolis*, No. 23-cv-3810 (LMP/ECW), 2025 WL 331858, at *5 n.6 (D. Minn. Jan. 29, 2025) (internal quotation marks omitted) (citation omitted); *see also Morgan Distrib. Co.,*

12

*Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (noting that a complaint cannot be amended by a brief in opposition to a motion to dismiss). If Curtis desired to amend his complaint, he was required to seek leave of court or consent of the opposing parties to amend under Federal Rule of Civil Procedure 15.[7] He did not do so, so the Court cannot consider his newly raised claims now.

As to Curtis's new allegations that Progressive and the HCMC Defendants committed criminal violations, not only were those allegations not included in the complaint, but more fundamentally, a private citizen like Curtis has no authority to bring criminal charges. *See Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009) ("Simply stated, private citizens generally have no standing to institute federal criminal proceedings."). Accordingly, Curtis's suggestion that the HCMC Defendants and Progressive committed criminal acts does not save his complaint from dismissal.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that**:**

1. Progressive's Motion to Dismiss (ECF No. 12) is **GRANTED**;

2. The HCMC Defendants' Motion to Dismiss (ECF No. 18) is **GRANTED**;

3. Curtis's Request for a Hearing (ECF No. 6) is **DENIED**;[8]

---

[7] Indeed, Curtis could have amended as a matter of course had he, within 21 days after the defendants filed their motions to dismiss, filed an amended complaint. *See* Fed. R. Civ. P. 15(a)(1)(B).

[8] Under this District's Local Rules, the decision whether to hold a hearing for a dispositive motion is firmly within the discretion of the Court. D. Minn. L.R. 7.1(c)(5).

4. Curtis's Request to Dismiss Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 5) is **GRANTED**;

5. Curtis's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2) is **DISMISSED**; and

6. Curtis's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 24, 2025

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge